*115 Weaver, J.
I concur in the result of the majority opinion, but write separately to make clear that the inclusion of certain classes of records within those exemptible under MCL 15.243(l)(s) creates no presumption of exemption.
The Legislature has not indicated that the mere inclusion of a record within an exemptible class of records is to be accorded weight in favor of nondisclosure where the statute requires a balancing of the public interest in disclosure versus the public interest in nondisclosure. The inclusion of a record within an exemptible class means that the record may be, under certain circumstances, exempt from disclosure. It remains incumbent upon the public body to “sustain its denial” of disclosure of exemptible records. MCL 15.240(4). Thus, I do not agree with the majority suggestion that the “circuit court must consider the fact that the inclusion of a record within an exemptible class under § 243(l)(s) implies some degree of public interest in the nondisclosure . . . .” Ante at 109.
It is the policy of the Freedom of Information Act to afford the public “full and complete information regarding the affairs of government . . . .” MCL 15.231(2). In light of this express policy, one would assume that the Legislature intended that the balancing of the public interest in disclosure versus its interest in nondisclosure under MCL 15.243(l)(s) at least be conducted on level ground. According weight to nondisclosure because of the Legislature’s mere inclusion of a class of records among those that are exemptible tips the scale in favor of nondisclosure and is, therefore, inconsistent with a fair balancing of the public interest.